IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISAIAH HARRIS, by and** | : | **CIVIL ACTION** |
| **through his *Guardian ad litem*,** | : | |
| **STEVEN A. LITZ, ESQUIRE** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 04-CV-3890** |
| | : | |
| **LEHIGH COUNTY OFFICE** | : | |
| **OF CHILDREN & YOUTH** | : | |
| **SERVICES, et al.,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                     **July 12, 2006**

Plaintiff Isaiah Harris, through his guardian, brings this case after being severely injured in an automobile accident.  Currently before the court are Harris's motion for partial summary judgment regarding the driver of the automobile's, Peter Norton's, liability, and the defendant Lehigh County's motion for summary judgment on all of the remaining claims against it.  For the reasons set forth below, I will deny the plaintiff's motion and will dismiss the defendant's motion without prejudice.

**I.     BACKGROUND**

On December 28, 2002, a head-on collusion occurred between a car driven by Peter Norton and including Michael Norton, Matthew Norton, Thomas Norton, and Isaiah Harris as passengers, and a car driven by Rosemarie Titter and including Rebecca Titter, and Karen Patterson as passengers.  The car driven by Ms. Titter then struck a third car.

As a result of the accident, Thomas Norton died, Isaiah Harris was rendered a paraplegic and the other passengers suffered various injuries.

On August 16, 2004, Isaiah Harris,[1] by and through his guardian *ad litem*, Steven Litz, filed suit against Peter Norton, Lehigh County, and others claiming they are legally responsible for Harris's injuries. In a related case, Peter Norton's insurance carrier, New Jersey Manufacturers Insurance Company, then filed an interpleader action requesting that it pay $300,000 into a fund to be divided by the victims.[2]

On March 27, 2006, plaintiff Isaiah Harris filed a motion for partial summary judgment requesting that the court determine Peter Norton's liability for the car accident as it is conceded by all parties that his car crossed over the highway's center line before striking the other vehicle. Responses to that motion were filed on April 3, 2006, and May 31, 2006, respectively.[3] Additionally, on May 16, 2006, defendant Lehigh County filed a motion for summary judgment arguing that plaintiff's evidence has failed to show that the defendant violated Harris's constitutional rights. I will address each motion individually.

---

[1] Isaiah Harris's legal custody at that time was with the County of Lehigh acting by and through the County of Lehigh Office of Children and Youth Services.

[2] This court agreed to the interpleader and is currently waiting to approve the parties' proposed settlement agreement with Peter Norton's insurance carrier compromising several minors' claims.

[3] The May 31, 2006, filing by defendant Peter Norton titled a "Response in Opposition (Additional Supplement)" includes deposition testimony of Mr. Norton and his description of the accident. In particular, Mr. Norton claims he was momentarily distracted when Isaiah Harris severely bit Thomas Norton on the arm, causing Thomas to scream. Mr. Norton's car then crossed over the center line when he took his eyes off of the road and glanced at his rear-view mirror to look at, and reprimand, the boys.

2

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex,

477 U.S. at 322. Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. Liberty Lobby, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Id. at 252. If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  DISCUSSION

#### A.  Plaintiff's Motion for Partial Summary Judgment

In support of his motion, Harris argues that because Peter Norton admits his car crossed over the center line of the highway and struck an on coming car, *ipse dixit*, his conduct must have been negligent. Glover v. Struble, 159 Pa. Super. 305, 307 (1946) ("Driving on the wrong side of a two-way street, in itself, is evidence of negligence.") (citing Miles, Administrator, v. Myers, 353 Pa. 316 (1946); Urbanick v. Croneweth Dairy Co., 154 Pa. Super. 44 (1943)). As argued by the defendants, however, although crossing over the center line may, in some cases, be evidence of negligence, that conduct does not necessarily rise to the level of negligence as a matter of law. The determination of whether a driver was negligent ultimately rests upon the trier of fact. Cent. Greyhound

Lines v. George, 379 Pa. 221 (1954); Hanrahan v. McClatchy, 384 F. Supp. 16 (E.D. Pa. 1974), aff'd 506 F. 2d 1051 (3d. Cir. 1974).

In this case, it is for the jury to decide whether Peter Norton's actions were negligent. Harris's partial motion for summary judgment will therefore be denied.

### B.    Defendant County of Lehigh's Motion for Summary Judgment

Harris's two remaining claims against Lehigh County are for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and § 1988. Lehigh County moves for summary judgment on both counts arguing Harris has failed to show a constitutional violation of his rights as a matter of law.

#### 1.    Ripe for Review?

On June 13, 2006, this court issued an amended scheduling order extending the discovery and motions deadlines. The order was narrowly tailored as to why the deadline for fact discovery was extended, and it left open the possibility that expert reports may be compiled to address all liability issues. Furthermore, included in Harris's May 30, 2006, response to the County's motion is an affidavit filed pursuant to FED. R. CIV. P. 56(f) stating what depositions remain and what issues shall be addressed through continued discovery.

As described in the court's June 16, 2005, memorandum addressing the defendants' motions to dismiss:

> In order to establish liability on the part of Lehigh
> County for the actions of OCYS, [the Lehigh County Office

>of Children and Youth Services] Isaiah Harris would have to show that it had an established policy or custom that resulted in the alleged constitutional violations. Brown v. Daniels, 2005 U.S. App. LEXIS 7132 (3d Cir. April 25, 2005)(citing Monell v. Department of Social Services, 436 U.S. 658, 690-691 (1978)). Isaiah Harris contends that OCYS operated under policies or customs which "negatively impacted" the safety of foster children.[4]
>
>A municipality may be liable for failing to train its employees if that failure amounts to deliberate indifference. City of Canton v. Harris, 489 U.S. 378, 389-390 (1989) (failure to train may amount to a policy or custom that is actionable under § 1983 when in light of the duties assigned to specific employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need). The deficiency of a municipality's training program must be closely related to the Plaintiff's ultimate injuries. Id. at 391. Isaiah Harris alleges that these policies, customs, and deficiencies including the poor training of OCYS's staff "negatively impacted" his safety and caused his injuries.

Harris v. Lehigh County Office of Children & Youth Servs., 418 F. Supp. 2d 643, 648 (E.D. Pa. 2005).

In this case, it is possible that the remaining discovery may support/create a genuine issue of material fact with respect to the defendant's alleged "deliberate indifference." In particular, it is possible that some of the remaining people to be

---

[4]Some of the policies or customs Isaiah Harris cites include: poor training of personnel, chronic understaffing, dangerously deficient monitoring of children, dangerously deficient screening of foster parents, and a lack of thorough investigations.

deposed will address the County's conduct.  I therefore will dismiss the County's motion for summary judgment without prejudice for being unripe.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISAIAH HARRIS, by and** | : | **CIVIL ACTION** |
| **through his *Guardian ad litem*,** | : | |
| **STEVEN A. LITZ, ESQUIRE** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 04-CV-3890** |
| | : | |
| **LEHIGH COUNTY OFFICE** | : | |
| **OF CHILDREN & YOUTH** | : | |
| **SERVICES, et al.,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW**, this 12th day of July, 2006, upon consideration of plaintiff's Motion for Partial Summary Judgment (Document # 74), defendant County of Lehigh's Motion for Summary Judgment (Document # 84), and all responses thereto, including a Fed. R. Civ. P. 56(f) affidavit, it is hereby **ORDERED** that:

1) Plaintiff's Motion (Document # 74) is **DENIED**. Plaintiff's Motion for Leave to File a Reply Brief (Document # 80) is **DENIED**.

2) Defendant County of Lehigh's Motion (Document # 84) is **DISMISSED** without prejudice for being unripe. Defendant County of Lehigh may refile

its motion at the conclusion of discovery in accordance with the court's

June 13, 2006, Scheduling Order.

                        BY THE COURT:


                         s/ Lawrence F. Stengel
                        LAWRENCE F. STENGEL, J.