IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.H., by and through his *Guardian ad litem*, STEVEN A. LITZ, ESQUIRE, Plaintiff | : : : : : | CIVIL ACTION |
| v. | : : | NO. 04-CV-3890 |
| THE COUNTY OF LEHIGH, et al., Defendants | : : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                               June 14, 2007

When he was four years old, I.H. was severely and permanently injured while a passenger in a car driven by Peter Norton, his foster father.[1] Through his *guardian ad litem*, he brought this action against, *inter alia*, the Lutheran Home at Topton. In a Memorandum and Order dated February 28, 2007, I granted summary judgment in favor of the Lutheran Home, finding that the relationship between the Lutheran Home and the foster parents was not a master-servant relationship, and thus the Lutheran Home could not be vicariously liable for the actions of Peter Norton. I further found that the Lutheran Home's actions were not the proximate cause of the plaintiff's injuries, and that the plaintiff did not meet his burden of proof regarding his claims of general negligence against the Lutheran Home.

---

[1] I write for the parties, who are familiar with the facts and procedural history of this case, and therefore include only the background information that is relevant to the disposition of this motion.

The plaintiff filed a motion to certify for immediate appeal this entry of summary judgment, arguing it involves controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. Defendant Peter Norton has no objection to this motion. The Lutheran Home, however, vehemently opposes it. After careful consideration of the motion to certify and the responses thereto, I find that the underlying Order is not appropriate for certification of appeal under section 1292(b) because there is not a substantial ground for difference of opinion and because certifying this issue for appeal would not materially advance the ultimate termination of the litigation.

I.    **DISCUSSION**

**A.  Motion to Certify for Appeal Under 28 U.S.C. § 1292(b)**

A district court judge may certify an Order for interlocutory appeal if it concludes that the Order: (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation. See 28 U.S.C. 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). While the district court has sole discretion in deciding whether to certify an Order, the decision to do so is appropriate only in exceptional circumstances because of the strong policy preference against piecemeal litigation. See 28 U.S.C. § 1292(b); Bradburn Parent Teacher Store, Inc. v. 3M, 2005 U.S. Dist. LEXIS 15815 at *7 (E.D. Pa. Aug. 2, 2005).

Moreover, § 1292 is to be applied sparingly, and "used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir. 1958).

  1. **Controlling Question of Law**

"A controlling question of law must encompass at the very least every Order which, if erroneous, would be reversible on final appeal." Katz, 496 F.2d at 755. Certainly, the erroneous granting of summary judgment would be reversible on final appeal. Thus, my Order dated February 27, 2007, granting summary judgment in favor of the Lutheran Home presents a controlling question of law. Nevertheless, the plaintiff has failed to meet the other requirements for certification under § 1292(b).

  2. **Substantial Ground for Difference of Opinion**

A party may establish that substantial grounds for difference of opinion exist by demonstrating that different courts have issued conflicting and contradictory opinions when interpreting a particular question of law. See Bradburn Parent Teacher Store, Inc., 2005 U.S. Dist LEXIS 15815 at *12; Kolbeck v. Gen. Motors Corp., 702 F. Supp. 532, 542 (E.D. Pa. 1989). There is "substantial ground for difference of opinion" where there is a divergence of opinion within a district, or where there is a Circuit split. See Dorward v. Cons. Rail Corp., 505 F. Supp. 58 (E.D. Pa. 1980); Mazzella v. Stineman, 472 F. Supp. 432 (E.D. Pa. 1979).

The plaintiff argues that "there exists a significant difference of opinion [in our district] concerning the imposition of vicarious liability onto foster care agencies for the misconduct of the foster parents requiring that this case be certified." I disagree.

The plaintiff challenges the distinction I drew between the holding in M.B. v. City of Philadelphia, 2003 U.S. Dist. LEXIS 3732 (E.D. Pa. March 13, 2003), and my holding in the Memorandum granting summary judgment. In the former case, a foster parent knew of the criminal background of a new boarder in the house, and lied about it to the foster care agency. The criminal boarder raped the foster child. Judge Schiller explained that he did not need to reach a determination of whether a classic master-servant relationship existed to find vicarious liability. Instead, he based his decision on a narrow exception to the general rule that a principal may be liable for harm caused by the negligent conduct of a non-servant agent when the principal was under a duty to have the act performed with due care. Id. at *9. Judge Schiller found that the foster parent's knowledge of the criminal boarder was imputed to the foster care agency, and that the foster care agency is liable for the foster parent's negligent acts, if negligence is proven at trial. Id. at *13. In contrast, the Lutheran Home was not under a duty to have the act of Peter Norton driving his car performed with due care. These circumstances do not fit into the narrow exception. Moreover, as I found in my earlier Memorandum, no court in Pennsylvania has ever applied vicarious liability to a foster care agency for the conduct of a foster parent for ordinary negligence such as in the operation of an automobile. Thus, I

4

find no ground for difference of opinion.

### 3. Materially Advances Litigation

Even if I were to find that there were a difference of opinion, certifying this issue for appeal would not materially advance this litigation. Section 1292(b) requires the district court to conclude that permitting an interlocutory appeal of an otherwise non-appealable Order "may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). The Third Circuit has explained that this requires the district court to assess settlement possibilities, the potential length of a possibly avoidable trial, and similar matters. Katz, 496 F.2d at 754.

Here, the plaintiff argues that an immediate appeal would materially advance the ultimate termination of the litigation. In its current posture, this matter will proceed to trial against Mr. Norton. As the plaintiff contends, Mr. Norton is without assets to satisfy any verdict in excess of the insurance limits which have already been distributed, and conversely, the Lutheran Home is insured. The plaintiff insists that certification is appropriate so that the Third Circuit Court of Appeals could determine the issue of the Lutheran Home's vicarious liability, which would thereby require only one trial with all of the evidence and issues before the same jury. I disagree.

In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would: (1) eliminate the need for trial; (2) eliminate complex issues so as to simplify the

5

trial; or (3) eliminate issues to make discovery easier and less costly. Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994). An immediate appeal would not avoid a trial in this matter. The trial which will occur on the remaining issues in this case regardless of the outcome of an immediate appeal, should not be particularly time-consuming or expensive. Further, an appellate Order adding the Lutheran Home back into the case would only add and not eliminate issues for disposition at trial. Finally, because discovery has long since terminated, an immediate appeal would also not make discovery easier or less costly.

     As a result, I find that certifying this issue for appeal would not advance the ultimate termination of this litigation. I will therefore deny the Motion to Certify.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.H., by and through his | : | CIVIL ACTION |
| *Guardian ad litem*, | : | |
| STEVEN A. LITZ, ESQUIRE, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 04-CV-3890 |
| | : | |
| THE COUNTY OF LEHIGH, et al., | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

    **AND NOW**, this  14th  day of June, 2007, upon consideration of the plaintiff's motion to have this matter certified under 28 U.S.C. § 1292 (Document #118), Defendant Peter Norton's response thereto (Document #120), and the response of the Lutheran Home at Topton (Document #121), IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.