IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.H., by and through his | : | CIVIL ACTION |
| *Guardian ad litem*, | : | |
| STEVEN A. LITZ, ESQUIRE, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 04-CV-3890 |
| | : | |
| THE COUNTY OF LEHIGH, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**STENGEL, J.**                                                                       September 24, 2007

When he was four years old, I.H. was severely and permanently injured while a passenger in a car driven by Peter Norton, his foster father.[1] Through his *guardian ad litem*, he brought this action against, *inter alia*, the Lutheran Home at Topton. In a Memorandum and Order dated February 28, 2007, I granted summary judgment in favor of the Lutheran Home, finding that the relationship between the Lutheran Home and the foster parents was not a master-servant relationship, and thus the Lutheran Home could not be vicariously liable for the actions of Peter Norton. I further found that the Lutheran Home's actions were not the proximate cause of the plaintiff's injuries, and that the plaintiff did not meet his burden of proof regarding his claims of general negligence against the Lutheran Home.

---

[1] I write for the parties, who are familiar with the facts and procedural history of this case, and therefore include only the background information that is relevant to the disposition of this motion.

On June 14, 2007, I denied the plaintiff's motion to certify for immediate appeal this entry of summary judgment, finding certification under section 1292(b) was not appropriate because there was not a substantial ground for difference of opinion and because certifying this issue for appeal would not materially advance the ultimate termination of the litigation.

Although there is no pending motion to reconsider before me, a district court may reconsider its own interlocutory opinions *sua sponte*.  United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) (so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so).  Furthermore, as my Memorandum did not dispose of every claim in this action, it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." FED.R.CIV.P. 54(b).

After a telephone conference with counsel, and careful consideration of the practical issues in this case, I find that proceeding with a trial at this stage would be a futile and expensive waste of time and judicial resources.  The only remaining defendant is Peter Norton, I.H.'s foster father who was driving the vehicle at the time of the accident.  A jury verdict against him is likely.  However, Mr. Norton's insurance company has already tendered the limits of his insurance policy.  It also appears that Mr. Norton has no other assets which could be used to satisfy a judgment, and is therefore

judgment-proof.

Insisting that the case proceed to trial at this stage would serve no practical purpose. An immediate appeal of my February 28, 2007 Order granting summary judgment in favor of the Lutheran Home could obviate the need of a costly intermediate trial with a single judgment-proof defendant. See Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994) (in determining whether certification will materially advance the ultimate termination of the litigation, one factor a district court should examine is whether an immediate appeal would eliminate the need for a trial). Upon reconsideration, I conclude that permitting an interlocutory appeal of this otherwise non-appealable Order "may materially advance the ultimate termination of the litigation." See 28 U.S.C. 1292(b). Therefore, I will certify for immediate appeal this entry of summary judgment in favor of the Lutheran Home.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **I.H.**, by and through his | : | **CIVIL ACTION** |
| *Guardian ad litem*, | : | |
| **STEVEN A. LITZ, ESQUIRE,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 04-CV-3890 |
| | : | |
| **THE COUNTY OF LEHIGH, et al.,** | : | |
| Defendants | : | |

## O R D E R

**STENGEL, J.**

     **AND NOW**, this 24th day of September, 2007, upon reconsideration of my June 14, 2007 Order denying the plaintiff's motion to certify (Document #125), IT IS HEREBY ORDERED that that Order is VACATED, and the plaintiff's motion to certify (Document #118) is GRANTED.

     IT IS FURTHER ORDERED that the plaintiff shall file an appeal of my February 28, 2007 Order granting summary judgment in favor of the Lutheran Home at Topton within 20 days of the date of this Order.

     The Clerk of Court is directed to place this case in SUSPENSE pending this appeal.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.